## WEST SPRINGFIELD.

The election of four members, returned from the town of W. S., being questioned, on the ground of a deficiency of ratable polls; and it appearing to be doubtful, after long investigation, whether the town was entitled to return that number; that there had been much difference of opinion, as to the construction of the term "ratable" in the constitution; and that great diversity of practice had resulted therefrom throughout the commonwealth; the members returned were allowed to retain their seats.

THE election of Jonathan Smith, Jr., Jesse Stebbins, Charles Ball, and Jesse McIntier, members returned from the town of West Springfield, was controverted by Jonathan Parsons and others, on the ground, that the town did not contain a suffi-

cient number of ratable polls to entitle it to four representatives.[1]

The petition in this case was presented at the first session, and referred to the committee on elections, who reported a reference thereof to the next session, in order to give the parties an opportunity to produce their testimony.[2]

At the second session, sundry depositions were received[3] and referred to the committee, who thereupon reported[4] the following statement of facts, for the consideration of the house, namely:—

" It appeared to the committee, from the tax bills of the assessors of the town of West Springfield, dated the twenty-ninth day of April last, that there were six hundred and forty-four rated polls; and that from an additional list, certified by the assessors aforesaid, there were two hundred and twenty ratable polls on the thirteenth day of May last, not rated in said town. These two numbers amount to eight hundred and sixty-four, which is more than sufficient to entitle the town of West Springfield to four representatives. But the committee, from the evidence submitted to them, are of opinion, that forty-one names are improperly borne on the tax bills and list, which, deducted from the whole number of eight hundred and sixty-four, leave only eight hundred and twenty-three, a number insufficient by two to entitle the town of West Springfield to four representatives. At the present session, the sitting members produced a certificate from the selectmen and assessors of West Springfield, containing seven additional names, which they do not, however, certify to be ratable polls. Among the eight hundred and twenty-three polls allowed by the committee to be counted, there are four town paupers, which it is considered to have been the practice of the government to allow, in the enumeration of ratable polls. The committee further report, that the sitting members allege that three names, erased from the list, as twice counted, should have been permitted to remain there; because, although they are really twice borne on the list, yet, in the family of each of those per-

[1] 29 J. H. 20.  [2] Same, 63.  [3] Same, 127.  [4] Same, 168.

9

sons, there is an additional poll, not borne on either list. Under these circumstances the committee respectfully submit the question to the decision of the house."

This report being taken into consideration, the case was again referred to the next session,[1] and commissioners appointed to take depositions in the mean time.[2]

At the third session, additional depositions were received and referred to the committee,[3] who, upon consideration thereof, made the following report, namely :—

" From the testimony produced, both for and against the sitting members from West Springfield, the committee have added, to the list of ratable polls of said town, twelve names, making the list of rated and ratable polls, in the town, amount to eight hundred and thirty-five. But on the list of two hundred and twenty polls, stated by the selectmen of the town to be ratable, although not actually rated, the committee have enumerated thirty-one persons, of whose liability to be rated in said town, the committee entertain considerable doubts, and two persons under sixteen years of age. The thirty-one persons referred to were such as either had a house and residence in a neighboring town, and came in, during the working season, to let themselves to labor in West Springfield, for a term of time, generally from one to seven or eight months, or were transient persons, having no fixed residence. If the house should be of opinion, that such persons, although not taxed in West Springfield, could be counted as ratable polls for the purpose of increasing the representation of said town, then the committee are of opinion that the sitting members should hold their seat; otherwise, the committee do report, that the sitting members are not duly elected, and therefore not entitled to hold their seats."[4]

The report was re-committed for the purpose of a further statement of facts,[5] and the committee again made report :—

" That although there have been, in their opinion, considerable irregularities in the conducting of the election, and although it is extremely doubtful whether the town of West

[1] 29 J. H. 168.     [2] Same, 174.     [3] Same, 188,     [4] Same, 237.     [5] Same, 244.

Springfield is constitutionally entitled to send four representatives, yet, as there appears to have been much difference of opinion in the construction of the term 'ratable' in the constitution, and great diversity of practice resulting from it, throughout this commonwealth, the committee are of opinion, that the sitting members be permitted to hold their seats." The report was agreed to.[1]

[1] 29 J. H. 255.